Ralph F. AMIDON, Plaintiff, Appellant,

v.

Arthur S. FLEMMING, Secretary of Health, Education, and Welfare, Defendant, Appellee.

Arthur S. FLEMMING, Secretary of Health, Education, and Welfare, Defendant, Appellant,

v.

Ralph F. AMIDON, Plaintiff, Appellee.

Nos. 5711, 5712.

United States Court of Appeals
First Circuit.

Dec. 19, 1960.

Julia T. Sullivan, Boston, Mass., for Ralph F. Amidon.

John G. Laughlin, Atty., Dept. of Justice, Washington, D. C., with whom George Cochran Doub, Asst. Atty. Gen., Eliot L. Richardson, U. S. Atty., Boston, Mass., and Ronald A. Jacks, Atty., Dept. of Justice, Washington, D. C., were on brief, for Arthur S. Flemming, Secretary of Health, Education, and Welfare.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

These cross-appeals by a recipient of Social Security benefits and the Secretary of Health, Education, and Welfare in our opinion should never have reached this court. At age 67 appellant Amidon retired as a salesman for a cheese importer and thereafter took certain accounts to one Stoll, a wholesale grocer. For the two years in question he solicited these accounts, and new ones that he obtained, receiving from Stoll one half of all commissions. His annual receipts therefrom considerably exceeded $1200, but in reporting to the Social Security agency which was paying him retirement benefits on account of his former employment he asserted expenses by way of deductions, so that, with the exception of a few dollars, he was not penalized under section 203(e) of the act, 42 U.S.C.A. § 403(e), for net earnings over $1200. If he was not an employee within the meaning of the act, this was proper. Thereafter the Secretary concluded that Amidon was an employee of Stoll, and not an independent contractor entitled to deduct expenses, and charged him with his gross receipts as income. Accordingly, pursuant to section 203(e), it ordered reduction of his future benefits until overpayments were offset. Amidon protested. Following a hearing, a referee recommended that this order be reversed. On review by the Appeals Council of the Department of Health, Education, and Welfare requested by the Secretary, the referee was reversed. Amidon filed a complaint in the district court, which affirmed the Appeals Council, but entered an additional order which the Secretary contends, with some merit, was beyond its jurisdiction. Both sides appeal.

The referee correctly stated before evidence was taken that the sole issue was whether Amidon was "an employee as that term is defined under the Social Security Act, and again whether he was an employee under the usual common law rules for determining that relationship." By the latter he obviously had in mind section 210(k)(2) [1] and by the former he meant the special categories created by the statute in order to reach individuals who would not be covered by the common-law test, section 210(k)(3). At the close of the hearing the referee reserved decision, first saying that whether Amidon was an independent contractor according to common-law rules "is the primary issue and that is what we have heard the case on. I think the case can be

[1] "(k) The term 'employee' means * * * (2) any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee." 42 U.S.C.A. § 410(k).

disposed of on that basis. There are other definitions contained in the Act of an employee, as you are aware, and I doubt if it is going to be necessary to rest the case on those other provisions. If it is necessary, I might consider it advisable to resume the hearing on those things but I don't think it will be necessary." Subsequently the referee found that Amidon was not an employee under section 210(k) (2) and decided finally in his favor without any discussion or mention of section 210(k) (3). We suspect, but cannot be certain, that this was because evidence already in precluded application of any portion of that latter section.

 The Appeals Council made no criticism of the referee's decision with respect to section 210(k) (2),[2] but held that Amidon was a salesman employee within section 210(k) (3) (D).[3] This section clearly does not cover all salesmen, or part-time work with respect to the kind of sales activities specified.[4] The Appeals Council not only ignored the statements of the referee as to the scope of the hearing and testimony, but with equal facility ignored the fact that the record abundantly indicates that Amidon solicited many accounts from customers which do not appear to fall within section 210(k) (3) (D) and, therefore, by no possibility could the record warrant an affirmative finding that he was engaged in section 210(k) (3) (D) activities "upon a fulltime basis," no matter how loosely that requirement be defined. For these reasons its determination cannot stand, and the unsupported statement by the district court that the Council's decision was supported by "substantial evidence" must be said to be plainly wrong.

2. Before us the Secretary commends this finding as "right."

3. "(D) as a traveling or city salesman * * * engaged upon a full-time basis in the solicitation * * * of orders from wholesalers, retailers, contractors, or operators of hotels, restaurants, or other similar establishments for merchandise for resale or supplies for use in their business operations." 42 U.S. C.A. § 410(k) (3) (D).

The district court should have reversed the Appeals Council and remanded to that body to choose between affirming the referee or returning the case to him for further hearing in the light of his concluding statement.

Judgment will be entered reversing the judgment of the District Court and remanding to that Court for further proceedings consistent herewith. The Secretary's appeal is dismissed as moot.

4. This has been elaborately ruled by the Internal Revenue Service in explanation of 26 U.S.C. § 3121(d) (3) (D). Rev. Rul. 31, 1955–1 Cum.Bull. 476. That service is on the collecting end, the other side of the coin in the truest sense. The Secretary, on the paying end, is given the same statutory definitions and should interpret them consistently.